IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILBUR JOSEPH NAGEL,<br><br>Defendant. | CR 23-21-GF-BMM-JTJ<br><br>**ORDER** |

## INTRODUCTION

Presently before the Court is Defendant Wilbur Nagel's motion for release pending sentencing. Nagel's sentencing is scheduled for April 17, 2024. The government opposes the motion. The Court conducted a hearing on the motion on December 22, 2023.

## DISCUSSION

Nagel pleaded guilty to Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1) on December 5, 2023. (Doc. 116). The offense to which Nagel pleaded guilty is a felony drug offense punishable by a maximum sentence of 20 years in prison. (Doc. 11 at 2). Section 3143(a)(2) of Title 18 states that a defendant convicted of a felony drug offense punishable by a maximum term of ten years or more must be detained pending sentencing unless:

> 1. The Court finds that there is substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed; and
>
> 2. The Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if released.

18 U.S.C. § 3143(a)(2).

Nagel cannot file a motion for acquittal or new trial in this case as he has pleaded guilty. The government has not recommended that no sentence of imprisonment be imposed. Nagel must therefore be detained unless the escape value described in 18 U.S.C. § 3145(c) applies.[1]

The escape value in § 3145(c) provides that a defendant subject to mandatory detention under § 3143(a)(2) may nevertheless be released pending sentencing if he shows by clear and convincing evidence:

> 1. That he is not likely to flee or pose a danger to the safety of any other person or the community if released; and

---

[1] Although, by its expressed language, the escape value in § 3145(c) appears to apply only to defendants seeking release pending appeal, all appellate courts, including the Ninth Circuit Court of Appeals, have held that § 3145(c) also applies to a motion for release pending sentencing. See *United States v. Garcia*, 340 F.3d 1013, 1015, n. 2 (9th Cir. 2003).

> 2. There are "exceptional reasons" why his detention would not be appropriate.

18 U.S.C. § 3145(c).

Section 3145(c) does not define the term "exceptional reasons." Federal courts have defined the term to mean unique, uncommon, rare or out of the ordinary. *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 777 (E.D. Wisc. 2003); *United States v. Disomma*, 951 F.2d 494, 497 (2d Cir. 1991). The determination of whether exceptional reasons exist in a particular case requires a "fact-intensive inquiry." *United States v. Schimley*, 2010 WL 1796337, *2 (N.D. Ohio 2010). A district court is afforded broad discretion in making its determination. *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

The Ninth Circuit Court of Appeals has identified a number of non-exclusive factors to be considered in deciding whether "exceptional reasons" exist including:

1. Whether the defendant's criminal conduct was aberrational;

2. The nature of the crime of conviction;

4. The possible length of the prison sentence;

5. Whether continued detention would impose unusual hardships on the defendant due to illness or injury;

6. The strength of the defendant's arguments on appeal; and

      7.      Whether the defendant has cooperated with the government. *Garcia*, 340 F.3d at 1019-21.

During the hearing, Nagel presented the testimony of his sister Lucelia Bell, his daughter Margaret Nagel, and his drug addiction counselor Memory Kessel. Nagel's attorney also made a proffer. Nagel's attorney described Nagel's release plan. Nagel failed, however, to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. The Court must therefore deny Nagel's motion for release pending sentencing.[2]

Accordingly, IT IS HEREBY ORDERED:

      1.      Nagel's Motion for Release Pending Sentencing (Doc. 118-1) is DENIED.

      2.      Nagel shall be detained pending sentencing.

DATED this 22nd day of December, 2023.

*[signature]*
John Johnston
United States Magistrate Judge

---

[2] Given Nagel's failure to show that his is not a flight risk or a danger to the community, the Court need not address whether exceptional reasons exist that would support Nagel's release pending sentencing.